■ CARLO SERVICE CORP., Appellant, v BAHRAM RACHMANI, Respondent. —Order and judgment (one paper), Supreme Court, New York County, entered February 15, 1978, which denied petitioner's application to vacate and set aside the award of an arbitrator and granted the cross motion of respondent to confirm the award is unanimously reversed, on the law, without costs and without disbursements, the cross motion is denied and the motion to vacate is granted and the matter remanded to the arbitrator for rehearing to ascertain and deduct the recoverable workmen's compenation benefits. The respondent here is a taxicab driver injured in the course of his duties in petitioner's employ. Respondent claimed injury and demanded payment under the no-fault law (Comprehensive Automobile Insurance Reparations Act, Insurance Law, § 670 *et seq.)* for loss of wages and medical expenses. He made no application for workmen's compensation for payment of the loss. Petitioner denied no-fault benefits on the ground that workmen's compensation was available. Upon such denial respondent submitted his claim to arbitration as provided by the no-fault law. In determining that the claimant was not limited to workmen's compensation, the arbitrator held that "The fact that under Section 671(2b) Insurance Law possible Workmen's Compensation benefits are deductible from Basic Economic Loss would indicate that the claimant herein is not precluded in this case." He thereafter made an award of no-fault benefits for medical expenses and loss of wages. Section 671 (subd 2, par [b]) of the Insurance Law provides reimbursement to a person for personal injuries arising out of the use or operation of a motor vehicle in this State less "amounts recovered or recoverable on account of such injury under state or federal laws providing * * * workmen's compensaton benefits". In *Mount St. Mary's Hosp. of Niagara Falls v Catherwood* (26 NY2d 493) the court made distinction between compulsory and voluntary arbitration, holding that although CPLR 7511 was drafted to apply to voluntary arbitration, an expanded interpretation of that section permitted a review of compulsory arbitration awards and holding (p 508): "On this view, CPLR 7511 (subd. [b]), in authorizing review of whether the arbitrator has exceeded his power, by necessary logical extension and without distortion of its literal terms includes review in the case of compulsory arbitration (but only in such case) of whether the award is supported by evidence or other basis in reason, as may be appropri-

ate and appearing in the record." We, therefore, review the award in this case pursuant to that standard. The petitioner challenges the award under CPLR 7511 (subd [b], par 1, cl [iii]) claiming that the arbitrator exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter was not made. The contention of the petitioner is supported because the arbitrator stated "There are exclusions listed in Section 672(2) Insurance Law which do not refer to Workmen's Compensation Laws, and if the legislature were to exclude the within claim and place it under Workmen's compensation, it could have easily so stated." Therefore, despite the plain language of section 671 the arbitrator felt that since no amount was recovered under workmen's compensation the onus of benefits then fell upon the petitioner. This question was explored in *Grello v Daszykowski* (58 AD2d 412, 415, n 2), "The use of the term 'recoverable' indicates that the no-fault insurer may deduct the amount of such benefits upon a mere showing of their availability; the right of the insurer to deduct is not contingent upon their actual receipt. In essence, the Legislature has made the workmen's compensation carrier the primary carrier. An injured party may not, therefore, 'elect' between workmen's compensation benefits and no-fault benefits." Thus the applicable statute was misapplied, and the arbitrator's opinion was without rational basis. *(Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra.)* Concur—Murpny, P. J. Silverman, Evans, Lane and Markewich, JJ.