In the Matter of the Arbitration between ALBERT FURSTEN-BERG, Respondent, and AETNA CASUALTY & SURETY CO., Appellant; ALLSTATE INSURANCE CO., Respondent.

First Department, May 3, 1979

**APPEARANCES OF COUNSEL**

*Joseph D. Ahearn* of counsel *(J. Robert Morris,* attorney), for Aetna Casualty & Surety Co., appellant.

*Abraham L. Shapiro* of counsel *(Gerald Richman* with him on the brief; *Shapiro, Shiff, Beilly, Castleman & Fox,* attorneys), for Allstate Insurance Co., respondent.

**OPINION OF THE COURT**

SILVERMAN, J.

Appellant, Aetna Casualty & Surety Co., appeals from a judgment of the Supreme Court confirming an arbitration award, and denying appellant's motion to vacate the award.

This case arises under the so-called "no-fault" insurance law (Insurance Law, § 670 *et seq.).* The dispute is essentially between two insurance companies, respondent Allstate which insured the automobile involved at least until April 30, 1977 (the accident being on May 18, 1977), and appellant Aetna which had issued an automobile liability policy to the claimant. On April 30, 1977, Allstate purported to cancel its policy by a notice which failed to comply with the statutory requirement, subdivision 1 of section 313 of the Vehicle and Traffic Law, that it "include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle". Indeed the notice of cancellation did not contain the required statutory statement at all in any kind of type. Nevertheless, Allstate's insured (Felix Cruz Realty, Inc., hereinafter "Cruz") consulted its broker about obtaining other insurance and kept the vehicle in a garage because Cruz knew it did not have insurance. The automobile was apparently stolen and it was after its theft that the accident occurred.

On the basis of Cruz' testimony that Cruz was aware of the notice and understood it, the arbitrator took the view that no showing had been made that the notice did not in effect advise Allstate's insured, Cruz, as to all things that were statutorily necessary, and, accordingly, the notice of cancellation by Allstate was valid. Thus, the responsibility for the no-fault medical payments fell upon Aetna.

This court and the Appellate Division in the Second Department have both held that failure to include the statutory statement pursuant to subdivision 1 of section 313 of the Vehicle and Traffic Law in the correct size type invalidates the notice of cancellation even though the insured received the notice and is aware of the requirement that he carry insurance. *(Matter of Country-Wide Ins. Co. [Meadows],* 63 AD2d 951; *Nassau Ins. Co. v Hernandez,* 65 AD2d 551.) As these decisions were rendered after the arbitrator's award, the arbitrator was of course not aware of them.

We recognize that among the considerations militating against judicial vacatur of the arbitrator's award is the public policy, particularly in relation to no-fault insurance, that claims of injured parties shall be disposed of with as little litigation as possible.

 Nevertheless we have come to the conclusion that the arbitrator's award should be vacated. At least as to the insurance company, arbitration under the no-fault insurance law is compulsory and not voluntary. (Insurance Law, § 675, subd 2.) The scope of judicial review of an arbitrator's award in a compulsory arbitration is broader than in a voluntary arbitration. (*Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508; *Caso v Coffey,* 41 NY2d 153; *Carlo Serv. Corp. v Rachmani,* 64 AD2d 579.) In *Mount St. Mary's Hosp. v Catherwood (supra,* p 508) the court said that the test in such cases is "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record." But the test is apparently still evolving. In *Caso v Coffey (supra,* p 158) this test was further elaborated as follows: "An award may be found on review to be rational if any basis for such a conclusion is apparent to the court * * * And it need only appear from the decision of the arbitrators that the criteria specified in the statute were 'considered' in good faith and that the resulting award has a 'plausible basis' ".

In attempting to apply the standards set by the Court of Appeals for judicial review of awards in compulsory arbitration, we find some illumination in the court's statement of the reason of that rule. Thus in the *Mount St. Mary's Hosp.* case *(supra,* p 508) Judge BREITEL, speaking for the majority, said: "Consequently, the arbitrator must be limited by the same constitutional requirements which limit the statute conferring power on him. Otherwise an arbitrator would have a power greater than the Constitution permits the Legislature to delegate to an administrative or regulatory agency, namely, to resolve a dispute or make regulations on less than substantial evidence or without reasonable basis or *in disregard of applicable rules of law.* * * * In short, the device for arbitration is a substitute for a determination of the dispute by an administrative or regulatory agency. As a substitute device, however, its objective may not be accomplished under lower constitutional standards than would be required of an administrative or regulatory agency." (Italics ours.) And Chief Judge FULD, speaking for the minority, referred to (p 517) "the hypotheses

which underlie the decision now being made—that a compulsory arbitration proceeding is governed by the rules applicable to administrative agencies".

If now we apply to this arbitration the same standards for judicial review that would be applied to judicial review of a determination by an administrative agency, we would have to vacate this determination as being "in disregard of applicable rules of law." *(Mount St. Mary's Hosp. v Catherwood, supra,* p 508.) For this purpose, we think a decision which violates a rule of law is "in disregard" of that rule of law however well intended the decision may be. It is substantially the same test as specified with respect to article 78 determinations, i.e., that it "was affected by an error of law" (CPLR 7803, subd 3).

We do not think that the quoted language in *Caso v Coffey* (41 NY2d 153, 158, *supra)* requires a different result. The language used in the *Caso* case is that the "criteria" specified in the statute were considered rather than merely that the statute was considered. The *Caso* case involves the application of statutory standards, "criteria," to a particular fact situation rather than the meaning of the statute itself. Thus, what the Court of Appeals sustained in *Caso* was essentially what is traditionally a fact finder's determination, the applicability of correct rules of law, "criteria," to a particular fact situation to determine whether those facts meet the "criteria" of the statute. This is closely analogous to the determination that a jury makes, for example, as to whether particular conduct constitutes reasonable care, or a determination by an administrative agency of a fair rate.

Nor do we think a different result is required by the most recent pronouncement by the Court of Appeals in this area *(Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040). There too the Court of Appeals sustained the arbitrator's award in circumstances closer to the present case, but the court said that the arbitrator's decision "does not construe the statute but merely resolves its application as between the parties to the arbitration."

In the present case, we do not have a determination whether a particular state of facts meets a statutory standard. There is no dispute as to the facts found by the arbitrator. He simply applied what the appellate courts have determined to be a wrong rule of law.

■ Until the Court of Appeals instructs us further we think that where an arbitrator in a compulsory arbitration has

applied a wrong rule of law, particularly a rule of substantive law, we should do what we would do if an administrative agency had applied a wrong rule of law, i.e., vacate the determination, rather than let it stand as we would in a voluntary arbitration. (See *Carlo Serv. Corp. v Rachmani,* 64 AD2d 579, *supra.)*

We note that the Appellate Division in the Second Department, faced with a somewhat similar problem where however the arbitrator had arrived at the legally correct result, sustained the arbitration award, but did so not on the basis that errors of law of an arbitrator are not reviewable but rather on the court's own determination as to what section 313 (subd 1, par [a]) of the Vehicle and Traffic Law required as to size of type, and the court's own determination that the size of the type used in that case did not comply with the statute. *(Cohn v Royal Globe Ins. Co.,* 67 AD2d 993.)

There remains the question whether we should remand the matter to the arbitrator for a new determination, as appears to be the procedure in arbitration *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 50 AD2d 24, affd 40 NY2d 774; CPLR 7511, subd [c]), or whether we should make a final determination ourselves, as we would on review of an administrative agency where there is no room left for the exercise of discretion or judgment by the administrative agency. While there hardly seems to be much point to remanding to the arbitrator, we think we should follow the procedure in arbitration.

The judgment of the Supreme Court, New York County (H. SCHWARTZ, J.), entered July 12, 1978, confirming the arbitration award and denying appellant Aetna's motion to vacate said award, should be reversed on the law, with costs, the motion to confirm the award should be denied, the motion to vacate the award should be granted, and the matter should be remanded to the arbitrator with a direction to direct that Allstate rather than Aetna shall pay to claimant and claimant's attorney the amount specified in the award, and judgment entered accordingly.

MURPHY, P. J., SULLIVAN, MARKEWICH and LUPIANO, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 12, 1978, reversed, on the law, and vacated, the motion to

confirm the award denied, the motion to vacate the award granted, and the matter remanded to the arbitrator with a direction to direct that Allstate rather than Aetna shall pay to claimant and claimant's attorney the amount specified in the award, and judgment entered accordingly. Respondent-appellant shall recover of respondent-respondent $75 costs and disbursements of this appeal.