■ In the Matter of the Arbitration between GOLDIE GASTWORTH, Respondent, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered September 7, 1978, which modified the arbitrator's award from $3,000, to $7,307.60, plus statutory interest, modified, on the law, without costs and disbursements, to the extent of remanding to the arbitrator for consideration of possible error in calculation, and otherwise affirmed. In compulsory arbitration the test on review is "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record." *(Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508.) This concept was expanded in *Caso v Coffey* (41 NY2d 153, 158) as follows: "An award may be found on review to be rational if any basis for such a conclusion is apparent to the court * * * it need only appear from the decision of the arbitrators that the criteria specified in the statute were 'considered' in good faith and that the resulting award has a 'plausible basis' ". We cannot tell from the record the basis used by the arbitrator in reducing petitioner-respondent's uncontested medical bills from $7,307.60 to $3,000. (See Insurance Law, § 671.) Concur— Kupferman, J. P., Birns and Ross, JJ.

Fein and Lupiano, JJ., dissent in a memorandum by Fein, J., as follows: On this appeal from a judgment of the Supreme Court, New York County, modifying an arbitrator's award under the "no-fault" insurance law (Insurance Law, § 670 *et seq.),* it is undisputed that claimant submitted proof of medical expenses totaling $7,307.60. However, the arbitrator awarded the sum of $3,000 without explaining the basis for his determination. Claimant's application for modification of the arbitrator's award pursuant to CPLR 7509 was denied by the arbitrator, without explanation. The majority, in remanding to the arbitrator "for consideration of possible error in calculation", does so because it "cannot tell from the record the basis used by the arbitrator" in arriving at his award. This suggests that the arbitrator is required to explain or state the reasons for his award. I disagree. Since this is a compulsory arbitration under the "no-fault" insurance law (Insurance Law, § 675, subd 2), the scope of judicial review is broader than in a voluntary arbitration *(Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508; *Caso v Coffey,* 41 NY2d 153; *Carlo Serv. Corp. v Rachmani,* 64 AD2d 579; *Matter of Furstenburg [Aetna Cas. & Sur. Co.],* 67 AD2d 580). However, the rule to be gleaned from these cases is that the court is not to interfere with the arbitrator's determination if it appears to have a rational basis in

the record. The rule does not require that the arbitrator set forth his rationale. The arbitrator was under no obligation to state his reasons, and we are powerless to require him to do so or to set aside his determination for failure to do so (*Matter of Bay Ridge Med. Group v Health Ins. Plan of Greater N. Y.,* 22 AD2d 807; *Matter of Willow Fabrics [Carolina Frgt. Carriers Corp.],* 20 AD2d 864). Special Term assumed that the arbitrator had reduced the claim by payments made to the claimant under Medicare, described as "Medicaid", and accordingly modified the award to increase the amount thereof for medical expenses from $3,000 to $7,307.60. No basis appears in the arbitrator's award or elsewhere in the record for Special Term's assumption. As Special Term noted, all of claimant's bills had been paid by Medicare, and if a setoff were permissible, the entire claim should have been disallowed. However, at the time of the accident and the arbitration, section 671 (subd 2, par [b]) of the Insurance Law did not allow a setoff for Medicare benefits. If the arbitrator in making his award had made such a deduction in whole or in part, it would have been appropriate to modify this determination as being without a rational base and made "in disregard of applicable rules of law" (*Mount St. Mary's Hosp. v Catherwood, supra,* p 508; *Caso v Coffey, supra; Carlo Serv. Corp. v Rachmani, supra; Matter of Furstenburg v Aetna Cas. & Sur. Co., supra*). Modification would also have been appropriate if, as suggested by respondent, the arbitrator had improperly allowed a setoff for Social Security benefits, concededly received by the claimant. Deduction would have been contrary to law since such Social Security payments were not made to the claimant "on account of such injury" (Insurance Law, § 671, subd 2, par [b]). The majority, in remanding, suggests that the arbitrator may have merely made a "miscalculation of figures" in which case modification is authorized (CPLR 7511, subd [c], par 1). However, remand for miscalculation is authorized only where the errors appear "on the face" of the award or "can be clearly inferred". (*Matter of City of Troy [Village of Menands],* 48 AD2d 733, 734.) That there was no miscalculation here is evident from the fact that claimant's application for modification of the arbitrator's award on this ground (CPLR 7509) was denied by the arbitrator. That application also adverted to the possibility that the arbitrator had erroneously allowed setoffs for Medicare or Social Security payments. There remains for consideration whether there was any rational basis in the record for the arbitrator's award. There was evidence in the hospital record that the claimant was treated in the hospital for "congestive heart failure" and "secondary pneumonia", both of which could have been attributable to claimant's previous heart condition for which she was already the recipient of Social Security benefits unrelated to this accident. Since the arbitrator could have properly disallowed a portion of the medical bills on this basis, and there is no facially obvious error, the arbitrator's award is not subject either to being modified or vacated. (*Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Lentine v Fundaro,* 29 NY2d 382.) Accordingly the order, Supreme Court, New York County, entered September 7, 1978, should be modified by striking the second decretal paragraph which increased the amount of the arbitrator's award for medical expenses and by modifying the third decretal paragraph to grant interest on the amount of the arbitrator's award at the statutory rate of 2% per month, compounded from August 11, 1977 until the date of payment and otherwise affirmed.