OPINION OF THE COURT
Martin B. Stecher, J.
Petitioner, a taxi driver, seeks judgment confirming an *754 arbitrator’s award dated April 6, 1979. Respondent, the driver’s employer (and a self-assured), cross-moves for an order vacating the award.
The petitioner was injured in an accident and, in the course of litigation, settled his personal injury action brought against the owner of the other vehicle for the sum of $10,000. Prior to the settlement, petitioner received workers’ compensation benefits of $7,384.84 and the respondent withheld "first party benefit” payments in a like amount (Insurance Law, § 671, subd 2, par [b]).
Following the agreement to settle the action for $10,000, the workers’ compensation carrier agreed to accept $3,333 in "partial satisfaction of our lien.” (Emphasis supplied.) Presumably, the balance of the settlement, $6,667, was paid to the petitioner and his lawyer.
The arbitration directed respondent, the "no-fault” self-insurer, to pay the petitioner the full "first party benefits”, $7,384.84, previously withheld. The respondent acknowledges liability only in the sum remitted to the workers’ compensation carrier, $3,333.
Where compulsory, as distinguished from voluntary, arbitration is concerned the Legislature (L 1977, ch 892, § 13, amdg Insurance Law, § 675, subd 2) and the courts (cf. Matter of Furstenberg [Aetna Cas. & Sur. Co.], 67 AD2d 580) have determined that an arbitrator’s decision is subject to other than the usual review available in an arbitration. The court has reviewed the award where the arbitrator misapplied a rule of substantive law.*
The arbitrator misapplied a rule of substantive law in this compulsory arbitration proceeding. The Superintendent of Insurance, on August 8, 1978, promulgated an eleventh amendment to his Regulation No. 68 (11 NYCRR 65.6 [p] [5]), the amendment being entitled "(5) Workers’ compensation liens — Reimbursement of section 671(2)(b) offset.” Seeking to conform insurance practice to the holdings in Grello v Daszykowski (44 NY2d 894) and Matter of Granger v Urda (44 NY2d 91), he has directed that pursuant to the cited statute "[t]he offset provided for in section 671(2)(b) of the Insurance *755 Law * * * shall cease to be applicable when the lien of the provider of workers’ compensation benefits has been satisfied”. I adopt the superintendent’s interpretation of the statute (Matter of Howard v Wyman, 28 NY2d 434; emphasis supplied).
The petitioner may not constitute himself the agent for the workers’ compensation carrier. He may not command payment so as to have in his possession both the workers’ compensation benefits and the "no-fault” benefits. When he has satisfied the lien he may demand "no-fault” benefits. If he has satisfied less than all of the lien, the "offset” is terminated only in the amount of the partial settlement. At such time as petitioner satisfied the balance of the lien he may demand the balance of the offset. The petitioner contends this procedure is cumbersome. Perhaps it is and perhaps the Legislature should review it; but the intent of the Legislature to prevent double recoveries by law or by collusion is clear and will be enforced.
The petition to confirm the award is denied and the cross motion for an order vacating the award is granted to the extent of remanding the matter to the arbitrator for reconsideration of his entire award, including interest and attorneys’ fees (on which I have not passed) and rendering an award consistent with the foregoing.

 The statutory review (Insurance Law, § 675, subd 2) is by a "master arbitrator;” but no objection is made here to the failure to seek such review. As the amount involved exceeds $5,000 (Insurance Law, § 675, subd 2) the parties will be permitted to chart the course of their own litigation (cf. Stevenson v News Syndicate Co., 302 NY 81).