OPINION OF THE COURT
Herbert Shapiro, J.
Motion to vacate an arbitrator’s award is granted.
In this no-fault arbitration proceeding, respondent, by letter dated March 14, 1978, sought payment for a medical bill in the sum of $279. On March 21, 1978, petitioner requested verification of such claim by way of a medical examination. Respondent failed to submit to such examination. The claim was denied on May 22, 1978 for noncompliance with the requested examination and because the subject office visits were "not reasonable or necessary”. A demand for arbitration was made against petitioner on December 29, 1978 on the basis of petitioner’s alleged nonpayment of an overdue claim. After a hearing, the arbitrator had granted the claim despite *999 respondent’s failure to submit to the requested examination. It was found by the arbitrator that such examination was not required to document the claim. An attorney’s fee of $2,100 was also awarded to respondent by the arbitrator.
In a compulsory arbitration situation as is present under the "no-fault” law, errors of law may not be overlooked (Matter of Furstenberg [Aetna Cas. & Sur. Co.], 67 AD2d 580). In this case it is found that the arbitrator committed an error of law in finding that petitioner had failed to pay an overdue claim.
Subdivision (d) of section 65.6 of the Regulations of the Insurance Department (11 NYCRR 65.6) provides that the insurer may request additional verification of a no-fault claim made. Paragraph (3) provides that if "the additional verification required by the insurer is a medical examination” it shall be scheduled within 30 days. Respondent argues and the arbitrator so concluded that the insurer may only request a medical examination if the same is "required” in the sense of being necessary to document the claim. They concluded that such examination was not "required” since it could only relate to future treatment and not prior treatment.
The arbitrator misconstrued the meaning of the regulation. Absent some circumstance not readily perceivable involving a request for an examination, it would appear that the insurer has a right to determine if such examination is to be requested. In any case of a claim for the treatment of an alleged personal injury it is difficult to see how a medical examination is not appropriate if the insurer wishes it. It is not for the claimant or the arbitrator to determine that the examination will be futile or that it will not disclose information of value to the insurer in determining whether to pay or defend against the claim.
There having been no medical examination, the payment of the no-fault benefits is not "overdue” within the meaning of 11 NYCRR 65.6 (f) (1), which provides that the benefits only become overdue if not paid within 30 days after the insurer receives the requested verification. Since the examination requested was not furnished within the prescribed time, the benefits were not overdue and the demand for arbitration was premature and should have been dismissed by the arbitrator.
Nor can the award of counsel fees be sustained since counsel fees are only recoverable if payment on the claim was overdue (Insurance Law, § 675, subd 1).