OPINION OF THE COURT
Jan H. Plumadore, J.
Plaintiff was injured in an automobile accident during the course of his employment while riding in a vehicle (one Yellow Cab) hired by his employer to transport him and another individual. He applied for no-fault first-party benefits *151 and was rejected due to alleged eligibility for benefits under the Railroad Retirement Act. He sues for payment of the first-party benefits now and moves for summary judgment thereon. The motion will be denied.
Plaintiffs attorney opines that first-party benefits may not be denied due to the (possible) existence of Railroad Retirement Act disability benefits. They may not be denied outright on that basis, but the amount thereof may indeed be offset by any such sums (Railroad Retirement Act) due (11 NYCRR 65.6 [n] [2]; [p]).
The effect is identical at this stage, however: "This question was explored in Grello v Daszykowski (58 AD2d 412, 415, n 2), 'The use of the term "recoverable” indicates that the no-fault insurer may deduct the amount of such benefits upon a mere showing of their availability; the right of the insurer to deduct is not contingent upon their actual receipt. In essence, the Legislature has made the workmen’s compensation carrier the primary carrier. An injured party may not, therefore, "elect” between workmen’s compensation benefits and no-fault benefits.’ ” (Carlo Serv. Corp. v Rachmani, 64 AD2d 579, 580.) Here, the disability plan is the primary insurer and plaintiff must make application there first (he has) and receive a determination of that claim (he has not). His no-fault claim was therefore properly "denied without prejudice.”
Defendant also argues that plaintiff’s potential eligibility for wage continuation warrants denial of first-party benefits pursuant to Insurance Law § 5102 (a) (2). A co-worker injured in the same accident is receiving such benefits and has pending before the Honorable Robert F. Doran a similar proceeding. Defendant is not entitled to deny the claim on this basis.
11 NYCRR 65.15 (n) (2) (i) (a) sets forth the procedure no-fault carriers must follow in order to offset or deduct wage continuation payments received. Plaintiff has received no payments, and his counsel avers that whether he will or not is wholly discretionary with the railroad. Inasmuch as plaintiff is neither receiving nor shown to be entitled to receive wage continuation payments, regardless of whether or not the plan qualifies (11 NYCRR 65.15 [n] [2] [i] [a] [l]-[3]), defendant’s denial of his claim on this basis is without merit. This determination is of course without prejudice to its right to later offset any such payments if the plan satisfies the subclauses (1) through (3) criteria. It also does not entitle plaintiff to any benefits now in light of the disability determination.
*152 Defendant’s allegation that it may also deny first-party benefits based on plaintiffs Federal tort suit against the railroad under the Federal Employers’ Liability Act is plainly without merit (Insurance Law § 5104 [b]). Whether or not the Railroad Retirement Board will have a lien against any recovery there is of no moment on an application for first-party benefits arising out of the same vehicular accident. Defendant would have a lien against any economic loss proceeds for any first-party benefits it provides (Insurance Law § 5104 [b]).
In light of the court’s ruling as to the disability aspect of this matter, however, plaintiffs motion must be denied.