■ CHARLES D. LA BARRE, SR., as Guardian ad Litem of JANET LA BARRE, an Infant, et al., Respondents, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. JOHN A. ROBERTSON, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.— Appeal by Nationwide Mutual Insurance Company from a judgment of the Supreme Court, Broome County, rendered after a trial before the court without a jury. On August 27, 1959 Donald R. La Barre while riding as a passenger in an automobile owned by one Robertson and operated by Janet La Barre sustained injuries which resulted in his death. An action for wrongful death was thereafter instituted by his administratrix against both the owner and operator of the vehicle. Under the New York Assigned Risk Plan appellant issued to Robertson its policy effective August 19, 1958 insuring his vehicle for one year and at the same time provided him with a certificate (FS-1) for filing with the Commissioner of Motor Vehicles pursuant to section 93-b of the Vehicle and Traffic Law. It disclaimed liability under the policy on the ground that it was not in force at the time of the accident. Miss La Barre was protected by a policy issued by Ætna Casualty & Surety Company covering an automobile owned by her parent. In these actions, consolidated for the purpose of trial, she and Robertson sought a declaration that Nationwide was required to defend the action for wrongful death and to indemnify them within its policy limits as to the claim of the administratrix. Ætna sought to be placed in a liability position secondary to appellant and to be relieved of the obligation of defending its additional insured. Judgment accordingly was granted by the trial court and this appeal followed. Section 93-c of the Vehicle and Traffic Law provided: "No contract of insurance or renewal thereof for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation or failure to renew by the insurer until at least twenty days [in case of nonpayment of premium ten days] after mailing to the named insured at the address shown on the policy a notice of termination", the contents of which the section prescribed. Concededly appellant failed to renew the policy. It urged in the court below in justification for the failure that a notice to the effect that a renewal policy would be issued upon payment of its premium claimed to have been mailed to the insured in early July, 1959 as required by the Plan sufficed the terminal notice requirements of the statute. It is not, nor in reason could it be, so argued here. Whether or not such notice was mailed — an issue sharply litigated by the parties at the trial — is thus of no consequence. The contention now made is that the policy lapsed on its termination date by Robertson's failure to accept appellant's conditional offer to renew it. "Once a certificate of insurance under section 93-b has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions. * * * [T]here is, at common law, the absolute right to refuse to renew a policy upon the expiration of its term but this is restricted by the statute so that the policy continues in force after its expiration date without a renewal, unless and until notice of termination is given in accordance with the statute." (*Teeter* v. *Allstate Ins. Co.*, 9 A D 2d 176, 181, affd. 9 N Y 2d 655; see, also, *Mong* v. *Allstate Ins. Co.*, 15

A D 2d 257.) Trial Term correctly held that the instant policy was in effect on the date of the accident. Judgment unanimously affirmed, with one bill of costs to be divided equally among the respondents. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.