■ In the Matter of LION INSURANCE COMPANY, Respondent, v MICHAEL REILLY, Respondent, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. —In a proceeding to stay the arbitration of an uninsured motorist claim, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Queens County, dated June 29, 1977, which, after a hearing, and upon a determination that the application should be granted, *inter alia,* determined that the notice of cancellation of its policy had been invalid. Judgment affirmed, with one bill of costs payable jointly to respondents. As the result of a collision on September 13, 1976 between respondent Reilly's motorcycle and a van owned by Joseph H. Guidera and operated by Leonard La Grua, Reilly sought arbitration of his claim for injuries by serving a demand upon his insurer, Lion Insurance Company. Lion thereupon petitioned for a stay, asserting that, at the time of the accident, the van had been insured by Liberty Mutual Insurance Company. The stay was granted pending a hearing on the issue of coverage. At the hearing, Liberty conceded that the notice of cancellation of its policy had been mailed to Guidera on June 17, 1976 by a finance company upon Guidera's default in payment of the finance company's loan. Liberty also conceded that the notice of cancellation did not conform to the statutory requirement contained in section 313 of the Vehicle and Traffic Law, in that it was in five and one-half point type. It argued, however, that the purposes of the statute had been fulfilled since Mr. Guidera, in his *pro se* answer in the negligence action brought by Reilly against him and La Grua dated November 15, 1976, as amended on November 20, 1976, admitted that his vehicle had not been insured on the date of the accident. Where it has been conceded that the notice of cancellation did not conform to the statutory provisions with respect to type size, it is immaterial whether the notice was sent by the insurer or by the finance company. Since the statute was designed to permit persons injured by uninsured motorists to recover for their injuries, it must be strictly construed to effectuate that legislative purpose. With respect to

the added contention that the insured (Guidera) admitted in his answer that his car had not been insured, we observe that the *pro se* answer and amended answer spoke as of the dates they were signed (November 15 and 20, 1976), and were not probative of the question whether the insured had been aware of his noncoverage on the accident date. We further observe that the notice was mailed to Guidera at the address of a friend, and not to his home address. Under these circumstances, our determination that the notice was ineffective is doubly enhanced. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.