■ MILDRED DUHS, Respondent, v ROYAL GLOBE INSURANCE COMPANY, Appellant, and HOME INDEMNITY Co., Respondent-Respondent.—In a special proceeding to compel arbitration under the uninsured motorist provision of an automobile insurance policy issued by Royal Globe Insurance Company to petitioner's husband, the said insurer appeals from (1) a judgment of the Supreme Court, Richmond County, dated November 18, 1977, which, *inter alia,* directed that the controversy between it and the petitioner be submitted to arbitration and (2) so much of an order of the same court, dated February 21, 1978, as, upon renewal, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order made upon renewal. Order reversed insofar as appealed from, and proceeding remitted to Special Term for a hearing in accordance hereiwth. Appellant is awarded one bill of $50 costs and disbursements, payable jointly by respondents. Petitioner, Mildred Duhs, was injured on July 13, 1975, while she was a passenger in an automobile driven by Frederick Duhs. The car came into contact with a motor vehicle owned and operated by Terry Bell. Frederick Duhs had been issued a policy by Royal Globe Insurance Company, the appellant, which contained an uninsured motorist endorsement. Respondent Home Indemnity Co. had issued a motor vehicle insurance policy to Terry Bell in September, 1974. Home Indemnity claims it canceled the policy of insurance by notice dated February 18, 1975. A photographic copy of the notice of cancellation was presented to Special Term as evidence of the cancellation. Royal Globe first submitted an attorney's affidavit, and then an expert typesetter's affidavit, to show that the notice contained 7-point type instead of the 12-point type required by section 313 of the Vehicle and Traffic Law. It claimed that the notice was invalid and that Home Indemnity was required to defend the lawsuit which petitioner had commenced against Bell. Special Term held that Royal Globe did not meet its burden of proving the actual size of the type because it relied on a photographic copy of the notice of cancellation instead of the original. Thus, distortion of the type was possible and the expert's affidavit was not competent proof. The petitioner and Royal Globe were directed to proceed to arbitration. Royal Globe contends that it proved that the notice of cancellation was not in compliance with the statute and therefore, under the rule that statutes pertaining to the cancellation of contractual rights must be strictly complied with, the notice was ineffective (see 30 NY Jur, Insurance, § 730). We agree with Royal Globe's contention that there must be strict compliance with the requirements set forth in section 313 of the

Vehicle and Traffic Law to effectively cancel an insurance policy (see *Matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047; cf. *Thomas v Government Employees Ins. Co.,* 61 AD2d 1044). Accordingly, a hearing is required to determine the type size, at which respondent Home Indemnity must provide a printed facsimile of the original notice, rather than a photographic copy, to eliminate any possibility of distortion. Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.