■ In the Matter of the Arbitration between COUNTRY WIDE INSURANCE COMPANY, Appellant, and ERNEST MEADOWS et al., Respondents.— Judgment, Supreme Court, New York County, entered January 13, 1978, adjudging that the Allstate policy of insurance financed by corespondent the Premins Co., Inc. (Premins), was properly canceled prior to the May 22, 1974 accident and denying after trial petitioner's application for a stay of arbitration, unanimously reversed, on the law, with one bill of $40 costs and disbursements of this appeal payable to appellant the judgment heretofore entered vacated and the application to stay arbitration granted. It appears that Premins had issued a cancellation notice purporting to cancel the Allstate policy on the vehicle owned by Roy Hamilton, the alleged offending vehicle, effective May 17, 1974. Called as a witness by Allstate, Hamilton testified upon the trial that he received "a letter approximately three days before the accident notifying me that the policy was cancelled * * * through the regular mail." He then identified a notice of cancellation form of respondent Premins as "their type of notice that I received from the people." That cancellation notice, received in evidence, printed in type size 5 to 6½ points, failed to comply with the requirements of the statute, which directs that such notice be at a minimum in 12-point type. (Banking Law, § 576, subd 1, par [c]; Vehicle and Traffic Law, § 313, subd 1.) The trial court held, however, that since the assured admitted receipt of the notice and understood it was a cancellation notice, the size of the print was not a determining factor. The trial court also ruled it was unnecessary to prove that the notice was timely mailed, in the light of the admission the notice was received, despite the fact that the face of the notice does not indicate timely mailing. We disagree. Subdivision 1 of section 313 of the Vehicle and Traffic Law requires mailing of such notice of cancellation at least 10 days before its effective date. Section 576 (subd 1, par [b]) of the Banking Law

provides that where the notice is served by a premium finance agency by mail, at least three days added notice is required. The plain purpose of the statutes is to give the insured clear and timely notice prior to cancellation so as to permit him to take appropriate action. The clear legislative purpose is to insure that the notice of cancellation be printed in no less than the specified size and be timely mailed so as to afford notification to the assured of the cancellation of the policy and to give him sufficient time to procure other insurance. The statute was designed to permit persons injured in motor accidents to recover for their injuries. It must be strictly construed to effectuate the legislative purpose that all motor vehicles be insured. *(Matter of Lion Ins. Co. v Reilly*, 61 AD2d 1047; *Messing v Nationwide Mut. Ins. Co.*, 42 AD2d 1030.)* The notice here was palpably insufficient. It failed to comply with the statutory requirement that the notice given shall be printed in at least 12-point type. (Banking Law, § 576, subd 1, par [c]; Vehicle and Traffic Law, § 313, subd 1.) The notice of cancellation for failure of the insured to make payments to the premium finance agency appears not to have been timely mailed. (Banking Law, § 576, subd 1, par [b]; Vehicle and Traffic Law, § 313, subd 1.) The notice received three days prior to the accident, in less than 12-point type, was insufficient to cancel the Allstate Insurance policy. *(Matter of Lion Ins. Co. v Reilly, supra.)* Concur—Birns, J. P., Silverman, Fein, Markewich and Sullivan, JJ.