■ Selig Cohn, Deceased, by Frances Cohn, as Intended Administratrix and Individually, Appellant, v Royal Globe Insurance Company, Appellant, and Hartford Insurance Company, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Royal Globe Insurance Company and the claimant, Frances Cohn, separately appeal from a judgment of the Supreme Court, Kings County, dated July 12, 1978, which (1) denied the application of Royal Globe to confirm the arbitrator's award, dated February 16, 1978, and (2) granted Hartford Insurance Company's cross motion to vacate said award. Judgment reversed, on the law, with one bill of $50 costs and disbursements, application to confirm arbitrator's award granted and cross motion denied. The claimant's husband (now deceased) was injured in an automobile accident by a vehicle, the owner of which was, at some point in time, insured by the Hartford Insurance Company, but whose policy had allegedly been canceled prior to the date of the occurrence. This allegation was disputed by the claimant's insurer, Royal Globe, which had issued a policy covering the claimant's husband, who was a pedestrian at the time of the accident. The insurers have agreed that the claimant is entitled to recover the full amount of no-fault benefits ($50,000), but disagree as to which of them is liable therefor. On these facts, the sole question before the arbitrator was whether Hartford

had effectively canceled its policy in compliance with subdivision 1 of section 313 of the Vehicle and Traffic Law, for if the cancellation was effective, Royal Globe is obligated to pay the claimant (see Insurance Law, § 672, subd 1, par [b]). If the cancellation was not effective, however, Hartford would be liable (see Insurance Law, § 672, subd 1, par [a]). Subdivision 1 (par [a]) of section 313 of the Vehicle and Traffic Law provides, in pertinent part: "Every such notice of termination for any such cause whatsoever sent to the insured shall include *in type of which the face shall not be smaller than twelve point* a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective" (emphasis supplied). The attorneys for Hartford conceded before the arbitrator and Special Term that the statutory notice was printed in "smaller than 12 point" type, more specifically, 10-point type, but claimed in mitigation that since their notice was printed solely in upper case (or capital) letters, the print was actually larger than 12-point type would have been, as the upper case letters of 10-point type produce characters which are larger than those produced by the lower case letters of 12-point type. They therefore argued that Hartford had substantially complied with the statute, which does not require that only upper case letters be used. The arbitrator found that Hartford had not effectively canceled its policy, but Special Term disagreed. In reviewing the arbitrator's determination, the court found it to be unreasonable and legally erroneous in that the 10-point capital letters employed were actually larger than 12-point lower case letters, and, therefore, that substantial compliance in this instance had produced even better notice than the Legislature had intended. In our opinion, the judgment of Special Term must be reversed. As recent decisions of this court have made clear, the statutory "12 point type face" requirement must be strictly complied with in order to effectuate the legislative intent (see *Reliance Ins. Co. v Rabinowitz,* 65 AD2d 619; *Nassau Ins. Co. v Hernandez,* 65 AD2d 551; *Duhs v Royal Globe Ins. Co.,* 63 AD2d 992; *Matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047). However, the resolution of this case turns not so much upon the holdings in these cases as it does upon the language of the statute itself. The problem here apparently arises out of the confusion between measuring 12-point type and "type of which the face shall not be smaller than twelve point" (see Vehicle and Traffic Law, § 313, subd 1, par [a]). A "point" is a printer's measurement equal to 1/72 of an inch; however, a piece of type has many dimensions, as the following diagram indicates:

type 3: *1* face, *2* counters, *3* bevel, *4* shoulder, *5* beard, *6* serifs, *7* crossbar, *8* belly, *9* back, *10* body, shank, or stem, *11* set size, *12* point size, *13* nick, *14* groove, *15* feet

(Webster's Third New International Dictionary, p 2476).

Although a printer measures "type size" (as opposed to "type *face* size") based upon the size of the shank or the cube upon which the letter sits (see dotted line No. 12 in the above diagram), the statute in question is premised upon a measurement of the type *face* (Item No. 1 in the above diagram), which is the portion of the piece of type which produces the printed impression. The Legislature was understandably concerned about the size of the printed impression which the reader would view (rather than the size of the type's shank), and to illustrate the point it should be noted that a 12-point type shank will produce images of varying sizes depending upon the style of type chosen and whether the letter is printed in upper or lower case. The Legislature aptly avoided this problem by choosing as a uniform and objective standard of measurement the size of the type *face,* and it is this measurement which must be strictly complied with in order to make a notice of cancellation effective under subdivision 1 of section 313 of the Vehicle and Traffic Law. Judged by this standard, the notice of cancellation here was ineffective. We note, as has been urged upon us, that the construction of the statute herein adopted may require insurers, as a practical matter, to print the notice mandated by subdivision 1 of section 313 of the Vehicle and Traffic Law in upper case or capital letters measuring at least 12 points in order to meet the "type face" requirement, and that capitalization of the text of the notice is not per se required by the statute. It is our belief, however, that the determination which we have reached is mandated by the language of the statute as it is presently written (i.e., the requirement of type "of which the *face* shall not be smaller than twelve point"; emphasis supplied), and that any further alteration or clarification should come from the Legislature. Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.