■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v PETER DONA-HUE et al., Respondents.—In a proceeding to stay arbitration of an uninsured motorist claim, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Kings County, dated May 1, 1978, which, after a hearing, determined that the notice of cancellation served by the Government Employees Insurance Company was valid, vacated the stay of arbitration and directed it to proceed to arbitration. Judgment reversed, on the law, with one bill of costs payable jointly by respondents, and application granted. To effectively cancel an insurance policy, there must be strict compliance with the requirements set forth in section 313 of the Vehicle and Traffic Law *(Matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047; *Thomas v Government Employees Ins. Co.,* 61 AD2d 1044; *Duhs v Royal Globe Ins. Co.,* 63 AD2d 992; *Matter of Country Wide Ins. Co. [Meadows],* 63 AD2d 951). The notice here was clearly insufficient because it failed to comply with the statutory requirement that the financial security clause be printed in "type of which the face shall not be smaller than twelve point" (see Vehicle and Traffic Law, § 313, subd 1, par [a]; *Cohn v Royal Globe Ins. Co.,* 67 AD2d 993). Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.

■ ERIC LIFF et al., as Executors of JOSEPH LIFF, Deceased, Appellants, v HERMAN SCHILDKROUT, Respondent.—Order of the Supreme Court, Nassau County, dated June 9, 1978, affirmed, with $50 costs and disbursements (see *Hentze v Curry Chevrolet Sales & Servs.,* 46 AD2d 800; *Osborn v Kelley,* 61 AD2d 367, 370). Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.

■ SELMA NEWMAN, as Guardian ad Litem, for ROSE HIRSCH, et al., Petitioners, v CARMEN SHANG, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review determinations of the respondent State commissioner made after statutory fair hearings, which affirmed determinations of the local agency, reducing petitioners' home health aide assistance. Petition granted to the extent that the determinations are annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioners' home health aide assistance retroactive to the dates of their termination; the petition is otherwise dismissed on the merits. The State commissioner's determinations were not supported by substantial evidence on the record as a whole (see *Matter of Roach v Toia,* 58 AD2d 652; see, also, *Matter of Schadt v Sardino,* 48 AD2d 171, 174). Suozzi, J. P., O'Connor, Gulotta and Cohalan, JJ., concur.