■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v EDDIE WRIGHT, JR., et al., Respondents.—In a proceeding to stay arbitration of a claim under the uninsured motorist provision of a policy upon the ground that the insurance of the other vehicle was not effectively canceled, the petitioner appeals from a judgment of the Supreme Court, Kings County, dated December 14, 1978, which adjudged that the notice of cancellation was served in accordance with the requirements of the statute (Vehicle and Traffic Law, § 313, subd 1, par [a]), that the Insurance Company of North America policy was properly canceled and was not in effect at the time of the accident herein, and dismissed the petition against the Insurance Company of North America. Judgment reversed, on the law, with costs payable by the Insurance Company of North America, petition granted and it is adjudged that the notice of cancellation did not comply with the statutory requirements, and that the policy was not properly canceled and was in effect at the time of the accident. It was uncontroverted at the trial that the size of the type face used in the notice of cancellation (i.e., the actual printing on the paper) varied from 6½ to 8 points. This did not meet the requirements of section 313 of the Vehicle and Traffic Law and, consequently, the notice of cancellation was ineffective to cancel the policy in question (see *Cohn v Royal Globe Ins. Co.,* 67 AD2d 993). As a consequence the other vehicle was covered by insurance at the time of the accident, and the uninsured motorist provisions of the policy issued by petitioner are not applicable. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.