■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and ARLENE STOLLERMAN et al., Respondents.— In a proceeding to stay arbitration of an uninsured motorist claim, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Kings County, dated December 13, 1978, which, after a hearing, *inter alia,* determined that the notice of cancellation served by the Banner Casualty Company was valid and denied the application. Judgment reversed, on the law, with costs payable by respondent Banner Casualty Company, and application granted. To effectively cancel an insurance policy there must be strict compliance with the requirements set forth in section 313 of the Vehicle and Traffic Law *(Cohn v Royal Globe Ins. Co.,* 67 AD2d 933; *Liberty Mut. Ins. Co. v Donahue,* 67 AD2d 999; *matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047; *Liberty Mut. Ins. Co. v Wright,* 70 AD2d 629). The notice of cancellation here failed to comply with the statutory requirement that the financial security clause be printed in "type of which the face shall not be smaller than twelve point" (see Vehicle and Traffic Law, § 313, subd 1, par [a]). Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.