■ AMNON BARZILAY, as Father of VICTORIA BARZILAY, an Infant, et al., Respondents-Appellants, v JAMES GHEIDA, Defendant, and GOVERNMENT EMPLOYEES INSURANCE Co., Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent-Appellant.—The appeals are from an order of the Supreme Court, Kings County, dated August 29, 1977, which (1) directed the Motor Vehicle Accident Indemnification Corporation to accept a late notice of claim and (2) failed to find that the Government Employees Insurance Co. (GEICO) was required to defend the action in question. Order reversed, without costs or disbursements, on the law, and proceeding remanded to the Supreme Court, Kings County, for a hearing on the issue of whether GEICO complied with the requirement of section 313 (subd 1, par

[a]) of the Vehicle and Traffic Law with respect to the use of 12-point type. Trial Term was without the power to grant the plaintiffs' application for leave to file a late notice of claim since the application was made more than one year after accrual of the claim (see Insurance Law, § 608, subd [c]; *Matter of Erhardt v MVAIC,* 53 AD2d 692; *Matter of Samuels v MVAIC,* 53 AD2d 863). Trial Term's finding that GEICO was not required to defend the action on behalf of the defendant was predicated in part on a misconstruction of the effect of the requirement in section 313 (subd 1, par [a]) of the Vehicle and Traffic Law that the financial security clause be printed in a notice of termination "in type of which the face shall not be smaller than twelve point". At a hearing, plaintiffs' attorney stated that the type measured less than one sixth of an inch and requested the court to declare the cancellation of defendant's policy a nullity as a matter of law. Trial Term correctly refused to take judicial notice of the size of the type, but then proceeded to find that, since the type was "bold enough" that it could not be "overlooked," the type met the requirements of law in the absence of evidence to the contrary. The court concluded that even if the type size was slightly smaller than 12 point, the "difference would not impair the validity or efficacy of the notice, in the absence of proof that the defendant had been prejudiced in some way by the technical defect". This is an erroneous statement of the law and to the extent that *Matter of Courtney v Hults* (18 AD2d 1091) holds to the contrary it is no longer valid. The requirement that 12-point type face be used is unambiguous and absolute thereby indicating that there must be strict compliance with the statutory condition *(Nassau Ins. Co. v Hernandez,* 65 AD2d 551; *Reliance Ins. Co. v Rabinowitz,* 65 AD2d 619). In view of the instant determination, it is unnecessary to rule upon plaintiffs' other contentions. Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.