■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v RAFAEL H. MORALES, Respondent.—Appeal from judgment Supreme Court, New York County, entered on September 7, 1978, unanimously dismissed without costs. Order, Supreme Court, New York County, entered on December 20, 1978, deemed as one denying renewal, unanimously affirmed, without costs or disbursements. This proceeding arises out of a motor vehicle accident which occurred on September 27, 1976, between a vehicle operated by respondent, Morales, and a vehicle owned by one Martinez. It is conceded that Martinez was insured by Travelers Insurance Company, prior to the accident and the sole question before this court is Aetna's claim that a prior notice of cancellation of insurance sent to Martinez by Travelers was not valid. Respondent Morales moved for arbitration and petitioner-appellant Aetna moved to stay the arbitration, submitting a copy of the letter of cancellation and alleging that there was a question as to its validity because the 12-point type, required by section 313 of the Vehicle and Traffic Law, was not complied with. Section 313 of the Vehicle and Traffic Law mandates that any notice of cancellation of insurance be set forth in print that shall

not be smaller than 12-point. There must be strict compliance with the requirements set forth in section 313 of the Vehicle and Traffic Law to effectively cancel an insurance policy. Anything less than that required by the statute would not be a valid cancellation notice. *(Duhs v Royal Globe Ins. Co.,* 63 AD2d 992.) There is nothing before this court to enable it to come to an informed decision as to the size of the print set forth in the notice of cancellation. Concur—Sandler, Bloom and Ross, JJ.; Fein and Lynch, JJ., concur in separate memoranda as follows:

Fein, J. (concurring). I agree there should be an affirmance because of the failure of petitioner to make a sufficient showing to warrant a hearing on its application for a stay of arbitration. Petitioner premised its application to stay arbitration upon an affidavit of one of its attorneys stating only: "It is respectfully submitted that the Petitioner should not be permitted to proceed to arbitration until such time as a question of whether or not the Martinez's policy of insurance, was properly cancelled. The Petitioner, Aetna Casualty & Surety Company requests a stay of arbitration until such time as the question of insurance coverage, is resolved." Petitioner further requested that Ramon Martinez, the owner of the offending vehicle and Travelers, his insurer, be made parties to the proceeding submitting a copy of a letter from the Travelers together with a copy of Travelers notice of cancellation to Martinez to the effect that the Martinez policy was canceled effective February 12, 1976. The accident occurred on September 27, 1976. The attorney for claimant, Morales, did not oppose the hearing but requested only that there be an immediate trial. Special Term properly denied the application. Petitioner failed adequately to demonstrate that the offending vehicle was insured at the time of the accident. The only documentary evidence showed Travelers had canceled the policy prior to the date of the accident. The showing was insufficient to stay arbitration or to require a preliminary trial. *(Aetna Ins. Co. v Logue,* 68 Misc 2d 841.) Aetna then moved to reargue and renew, annexing copies of the same two documents, asserting for the first time: "The Notice of Cancellation annexed herein does not conform with the Vehicle & Traffic Law Section 1313 *[sic]* which requires that the Notice of Cancellation contain a provision in twelve point face, that proof of financial security is to be maintained, nor has it been established that the Notice of Cancellation was properly mailed. Petitioner requests that a hearing be held in order to ascertain whether or not the print was in twelve point face, and whether or not the Notice of Cancellation was properly mailed." I agree with Justice Lynch, that renewal was properly denied because the claim "should have been raised originally and petitioner's failure to do so has not been explained." However, I believe it appropriate to indicate the quantum of proof required to warrant a hearing. This court and the Appellate Division, Second Department, have both held that failure to include the statutory statement pursuant to subdivision 1 of section 313 of the Vehicle and Traffic Law in the correct size type invalidates the notice of cancellation, even though the insured received the notice and is aware of the requirement that he carry insurance *(Matter of Country Wide Ins. Co. [Meadows],* 63 AD2d 951; *Nassau Ins. Co. v Hernandez,* 65 AD2d 551; *Matter of Furstenburg [Aetna Cas. & Sur. Co.],* 67 AD2d 580; *Duhs v Royal Globe Ins. Co.,* 63 AD2d 992). The burden is also on the insurance company canceling the policy to show that the notice was timely mailed *(Nassau Ins. Co. v Murray,* 46 NY2d 828). In the usual uninsured motorist case the information concerning the form, contents and mailing of the notice of cancellation is known to the owner of the offending vehicle and his insurance carrier and not by the claimant and his carrier. The claim-

ant's carrier should be entitled to a hearing on the issues and to joinder of the owner of the offending vehicle and his insurer upon a good faith affirmation that the notice was insufficient in form or content or was untimely mailed. The equivocal affidavits here are on their face insufficient. Where the issue is adequately raised the burden of proving the notice was proper in form and content and timely mailed is on the insurer of the offending vehicle, as indicated in *Duhs v Royal Globe Ins. Co.* (63 AD2d 992, 993, *supra*), cited in the court's memorandum. The Second Department there ordered a hearing and directed that the carrier of the offending vehicle "provide a printed facsimile of the original notice, rather than a photographic copy, to eliminate any possibility of distortion."

Lynch, J. (concurring). I would concede that had the evidence brought out by appellant on its motion to renew its petition been brought out originally it would have been entitled at least to a hearing whether Traveler's had canceled its policy. I affirm solely for the reason stated by Special Term in denying renewal, that the evidence "should have been raised originally and petitioner's failure to do so has not been explained".