■ ROSLYN SAVINGS BANK, Respondent, v KOSTER BAKERIES, INC., et al., Defendants, and NEW YORK JOB DEVELOPMENT AUTHORITY, Appellant.—In an action to foreclose a mortgage, the appeals are from (1) stated portions of an order of the Supreme Court, Suffolk County, dated May 22, 1979, which, *inter alia,* directed the appellant, who was the successful bidder at the judicial sale herein, to pay to the referee the sum of $15,472 as a tax adjustment as of February 16, 1979 (the date of the foreclosure sale), together with interest and carrying charges from March 14, 1979 (the date on which the deed was tendered by respondent and refused by appellant) to June 6, 1979 (the adjourned closing date) and (2) a further order of the same court, dated July 12, 1979, which awarded the referee additional compensation pursuant to CPLR 8003 (subd [b]) in the amount of $750. Order dated May 22, 1979 affirmed insofar as appealed from, without costs or disbursements, on the opinion of Mr. Justice McCarthy at Special Term. Order dated July 12, 1979 modified, on the facts, by reducing the award of additional compensation to $250. As so modified, said order affirmed, without costs or disbursements. The award of additional compensation was excessive to the extent indicated herein. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.

■ ROBERT STREGER, Respondent, v BARBARA STREGER, Appellant.—In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Westchester County, dated July 9, 1979, which granted plaintiff's motion to renew a prior motion to fix and determine alimony, *pendente lite,* awarded her $577 per week, *pendente lite,* and denied her cross motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. The amended complaint, though sparse, alleges sufficient facts to state a cause of action for divorce based upon cruel and inhuman treatment. The record shows that the defendant did *not* oppose the plaintiff's application to fix temporary alimony. Hence, the defendant may not now question the procedure leading to the order appealed from, or contend that her right to necessaries has been impaired. The parties should promptly proceed to trial, where the amount of alimony can be definitely determined. Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.

■ DAVID M. THOMAS, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, and BUDGET PAYMENT CORPORATION et al., Respondents.—Judgment of the Supreme Court, Dutchess County, entered March 16, 1979, affirmed, with one bill of costs payable to the plaintiff-respondent and respondent Employers Fire Insurance Company (see *Cohn v Royal Globe Ins. Co.,* 67 AD2d 993; *Reliance Ins. Co. v Rabinowitz,* 65 AD2d 619; *Nassau Ins. Co. v Hernandez,* 65 AD2d 551; *Matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047). Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.