OPINION OF THE COURT
John Marmarellis, J.
This is a motion by the Motor Vehicle Accident Indemnification Corporation (MVAIC) to be relieved from providing a defense or paying any judgment on behalf of the defendant, Abelardo Cervantes. The motion is granted.
This action arises out of an automobile accident which occurred on October 25, 1975. MVAIC contends that at the time of the accident Mr. Cervantes was insured by a policy issued by the Reliance Insurance Company (Reliance). Reliance contends that there was a valid cancellation of its policy with Cervantes prior to the accident. The sole question presented is whether there was a valid cancellation of the policy.
Mr. Cervantes financed his automobile purchase through the Premier Credit Corporation (Premier). The finance agreement provides in relevant part: “The undersigned insured further agrees and hereby appoints irrevocably the payee and/or assigns as attorney in fact empowered to cancel the above policy or policies with the same full force *740 and effect as if cancelled by the undersigned insured himself”. On August 20, 1975, Premier sent a notice of cancellation of the Reliance policy, with a date of cancellation noted thereon as September 4, 1975.
Section 576 of the Banking Law is the statutory authority for cancellation of a policy of insurance by a premium finance agency. (Dyer v Great Eastern Ins. Co., 41 AD2d 581.)
The statute provides: “1. When a premium finance agreement contains a power of attorney or other authority enabling the premium finance agency to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled unless such cancellation is effectuated in accordance with the following provisions” (emphasis supplied).
Paragraph (c) of subdivision 1 provides that: “Every such notice of cancellation shall include in type or print of which its face shall not be smaller than twelve point, a statement that if the insurance contract or contracts provide motor vehicle liability insurance, proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain proof of such financial security requires revocation of the registra-. tian of the motor vehicle, unless the registration certificate and number plate of such vehicle have been surrendered to the commissioner of motor vehicles prior to the time at which cancellation becomes effective.” (Emphasis supplied.)
There was uncontroverted expert testimony that the image of the letters as they appeared on the paper measured 8 points for the capital letters and 5% points for the lower case letters.
The Appellate Division of this department has resolved the issue, with regard to section 313 of the Vehicle and Traffic Law, of whether the statute refers to type size, which measure the printer uses and is based upon the size of the shank or the cube upon which the letter sits, versus typeface* which is the portion of the piece of type which produces the printed impression. (Cohn v Royal Globe Ins. *741 Co., 67 AD2d 993.) As noted in Royal Globe (supra), the Legislature was concerned about the size of the printed impression which the reader would view rather than the size of the type’s shank. While Royal Globe (supra) referred to section 313 of the Vehicle and Traffic Law, there is no substantial difference between the typeface requirements of that section and section 576 of the Banking Law. The policy considerations were the same with respect to the typeface requirements of each section. Further, Royal Globe (supra) has been cited in a memorandum opinion of the Appellate Division, Second Department, concerning the typeface requirements of section 576 of the Banking Law. (Matter of Travelers Ind. Co. v Kammer, 72 AD2d 817, 818.) This court therefore applies the sound reasoning of Royal Globe (supra) to the instant case.
For an effective cancellation of an insurance policy, strict compliance with the statutorily mandated typeface requirement is necessary. (Matter of Travelers Ind. Co. v Kammer, supra; Banking Law, § 576; Cohn v Royal Globe Ins. Co., supra; Matter of Liberty Mut. Ins. Co. v Stollerman, 70 AD2d 643; Vehicle and Traffic Law, § 313.) The court finds that the typeface requirements of section 576 (subd 1, par [c]) of the Banking Law were not complied with. The policy of insurance issued by Reliance to the defendant Cervantes was therefore not canceled and was in full force and effect at the time of the October 25, 1975 accident. Accordingly, the motion is granted and MVAIC relieved from providing a defense or paying any judgment on behalf of the defendant Cervantes.