OPINION OF THE COURT
Irving M. Kramer, J.
Pursuant to an order (December 7, 1981) made at Trial Term, Part 1, this matter was referred to this Part (51) to conduct a nonjury summary trial as to a single framed *585 issue, to wit: was there automobile liability insurance coverage in effect on June 3, 1975 covering a 1972 Ford automobile owned by the defendant, Thomas McGhee (McGhee).
A trial on this issue was had on December 16 and 17, 1981, and by stipulation the parties have agreed that to determine the framed issue of insurance coverage, the only questions to be considered and decided by this court are two — first, was the notice of cancellation for nonpayment of premiums mailed by Allcity Insurance Company (All-city), a third-party defendant, to its insured, McGhee, the defendant in the primary action, a valid and effective cancellation of its issued automobile liability policy No. 2-22-322-107; and second, assuming said notice of cancellation to be invalid, and therefore ineffective to cancel the policy, was it, nevertheless, when considered with two subsequent letters (demand for payment of earned premium by Allcity and an attorney’s collection letter) mailed to McGhee, a sufficient compliance with statutory requirements to constitute an effective and valid notice of intention not to renew the policy upon its normal expiration date?
In answering both questions, this court determines the notice to be invalid and therefore ineffective to cancel the policy of insurance for nonpayment of premium, or to communicate an effective notice of intention not to renew on the normal policy expiration date.
The pertinent facts, which in the main have been conceded, are that the insured, McGhee, was provided automobile liability insurance by Allcity in 1967, with annual renewals thereafter, the last being for the policy period May 10, 1974 to May 10, 1975. The premium due on this last issued policy not being received by Allcity, it mailed to McGhee on November 26, 1974 a notice of cancellation for nonpayment of premium terminating the policy as of December 12, 1974. Allcity concedes the notice did not contain the minimum 12-point type face required by statute. Subsequently, on February 28, 1975 Allcity mailed to McGhee a letter demanding payment of the earned premium due for the “in force” period from May 10, 1974 to December 12, 1974, the termination date set forth in the *586 notice of cancellation. This was followed on March 11,1975 by an attorney’s letter on behalf of Allcity demanding payment of the earned premium for the shortened policy period (although both these letters refer, by letterhead in the first and by content in the second, to the Empire Mutual Insurance Company, for the purposes of this decision they are accepted as being sent by and on behalf of Allcity). The insured, McGhee, denies knowledge of receipt of the aforesaid notice or letters and claims payment of the premium due to the broker, Leon L. Floss, also a third-party defendant in the action. This was not conceded.
On June 3, 1975, 5 months and 22 days after the termination date set forth in the claimed notice of cancellation and 24 days after the normal expiration date of the subject policy, the insured, McGhee, was involved in an automobile accident. The third-party defendant, Allcity, disclaimed coverage claiming there had been no renewal of the policy in question since it had been effectively terminated by the notice of cancellation as of December 12,1974, or, in the alternative, if the notice of cancellation were found to be invalid for any reason, the said ineffective notice to cancel considered together with the two letters of February 28, 1975 and March 11, 1975, constituted a sufficient notice of intention not to renew and to effectively apprise the insured that the policy expiring on May 10, 1975 would not be renewed.
It cannot be questioned that section 167-a of the Insurance Law and section 313 of the Vehicle and Traffic Law, and their predecessor sections as enacted by the State Legislature and interpreted by decisional law, have determined and established a “Public Policy” for this State that sharply restricts and limits an insurer’s right to terminate an automobile insurance policy except under certain specified circumstances and conditions and only upon the insurer’s strict and literal compliance with the requirements of said statutes (see Teeter v Allstate Ins. Co., 9 AD2d 176; La Barre v Nationwide Mut. Ins. Co., 16 AD2d 842; Matter of Safeco Ins. Co. [Testagrossa], 67 AD2d 979; Matter of State Farm Mut. Auto. Ins. v Matthews, 74 AD2d 875).
For the purpose of determining compliance with the statutes, section 167-a of the Insurance Law and section *587 313 of the Vehicle and Traffic Law are in pari materia and must be read together.
With respect to the notice of cancellation for nonpayment of premium mailed by Allcity on November 26, 1974 canceling the policy as of December 12,1974, section 167-a of the Insurance Law and section 313 of the Vehicle and Traffic Law authorized the termination of an automobile policy for nonpayment of premium. Section 313, however, further required that such notice contain a statement advising that proof of financial security must be maintained, such statement to be in a typeface not smaller than 12 point. Allcity concedes its notice did not contain the required minimum type size. The notice, having failed to comply with the strict requirements of section 313, was a nullity and therefore ineffectual to terminate the policy as of December 12, 1974 (see Matter of Lion Ins. Co. v Reilly, 61 AD2d 1047; Reliance Ins. Co. v Rabinowitz, 65 AD2d 619; Liberty Mut. Ins. Co. v Wright, 70 AD2d 629; Barzilay v Gheida, 70 AD2d 942; Matter of Liberty Mut. Ins. Co. [Stollerman], 70 AD2d 643).
With respect to the novel contention advanced by Allcity that assuming the notice of cancellation for nonpayment of premium to be a nullity and therefore ineffective to cancel the policy for nonpayment of premium, it was, nevertheless, when considered with the letters of February 28,1975 and March 11, 1975, sufficient compliance with 167-a of the Insurance Law, effective to communicate a notice of intention not to renew; this court finds this argument to be erroneous.
Section 167-a (subd [4], par [a]) of the Insurance Law permits the service of a notice of intention not to renew a policy of insurance provided it sets forth specific reasons therefor in the notice itself, or in papers accompanying the notice, and is served not less than 45 days nor more than 60 days before the end of the policy period.
It is well-settled law that a nonrenewal notice, as well as a notice of cancellation, is to be strictly construed and that any ambiguity, inexactness, or failure to comply with the statute must be resolved against the insurance company (see Government Employees Ins. Co. v Mizell, 36 AD2d 452; *588 Matter of State Farm Mut. Auto. Ins. v Matthews, 74 AD2d 875, supra; Zeman v Zack Agency, 75 AD2d 261).
Here the notice to cancel for nonpayment of premium, which Allcity seeks to use as a basis for a notice of nonrenewal, contains a statement of intention to cancel for nonpayment of premium unless paid by the insured within a specified time, but does not contain a clear expression of intention not to renew at the expiration of the policy term. The argument is made by Allcity on the basis of common-law principles, that since an intention to cancel for nonpayment of premium is expressed in the notice served, then certainly one can clearly infer an intention on the part of the insurance carrier not to renew. Decisional law, however, has determined that common-law principles are not applicable in these situations since they have been superseded by statutes with strong public policy overtones and a legislative intent to continue an insurance policy in force after its expiration date without renewal unless notice of termination is given in strict compliance with the applicable statutes. The onus is placed on the insurance carrier to comply with the statutes and not upon the insured to interpret or infer the intent of the carrier’s notice (see Teeter v Allstate Ins. Co., supra; La Barre v Nationwide Ins. Co., supra; Capra v Lumbermen Mut. Cas. Co., 31 NY2d 760; Messing v Nationwide Mut. Ins. Co., 42 AD2d 1030; Zeman v Zack Agency, supra).
Nor can the insurance carrier in this case utilize the letters of February 28,1975 and March 11,1975 to cure the invalid notice. The letters do not contain words that express the necessary intention not to renew. Obviously they contain no mention of an intention not to renew or give import of such intent for the very evident reason they were not intended to serve such purpose. They were nothing more than what they were intended to be — a demand for payment of moneys alleged to be due and owing to Allcity for earned premium. Further, since they were not themselves notices in compliance with the statute they cannot be read or considered with the notice of cancellation to create an effective notice of nonrenewal, since they did not accompany that notice as required by section 167-a of the Insurance Law. The notice, itself, if it is to comply with the *589 statute, must be explicit and clear. Here, it is not (see Zeman v Zack Agency, supra).
Additionally, the notice is a nullity since section 167-a, as pointed out above, requires it to be served within a prescribed time period. The notice in question, which All-city seeks this court to accept and interpret to be a notice of nonrenewal, even if it were accepted as such which this court does not, would still not be in strict compliance with the statute since it was served on November 26,1974 well outside the 45- to 60-day service period presribed by the statute (Insurance Law, § 167-a, subd [4], par [a]).
For all the reasons stated above, this court determines that policy No. 2-22-322-107 issued to Thomas McGhee by the Allcity Insurance Company for the policy period, May 10,1974 to May 10,1975, was never terminated during the policy period and therefore continued in full force and effect and was in force on June 3, 1975.
This court makes no determination with respect to any other issues or rights of the parties as they may have developed during trial and leaves them for a full plenary trial or such future action the parties may deem necessary to take. This matter is referred back to Trial Term, Part 1, for February 15, 1982.