■ In the Matter of NEVILLE T. SIMMS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. — Judgment of the Supreme Court, Kings County, dated December 10, 1980, affirmed insofar as appealed from, without costs or disbursements, for reasons stated in the memorandum decision of Justice Bernstein at Special Term. Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.

■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ROSEMARY POSEY, Respondent, and AMERICAN TRANSIT INSURANCE COMPANY, Appellant, et al., Additional Party Respondent. — Judgment of the Supreme Court, Queens County (Kassoff, J.), dated October 1, 1981, affirmed, with $50 costs and disbursements payable to petitioner (see *Cohn v Royal Globe Ins. Co.,* 67 AD2d 993, affd 49 NY2d 942; *Matter of Lion Ins. Co. v Campbell,* 76 AD2d 838; *Matter of Travelers Ind. Co. v Kammer,* 72 AD2d 817). Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.

■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and ROBERT RIVERA et al., Appellants. — In a proceeding in which State Farm Mutual Automobile Insurance Company, the insurer, moved to stay arbitration of two claims under the uninsured motorist indorsement of a policy issued by it, claimants appeal from an order of the Supreme Court, Queens County (Graci, J.), dated June 3, 1982, which granted the application to the extent of directing a hearing on the issue of whether the vehicle in which the appellants were passengers came into contact with an alleged "hit and run" vehicle and, if so, whether the latter vehicle was uninsured. Appeal dismissed, *sua sponte,* without costs or disbursements. Special Term's order merely directed a judicial hearing to aid in the disposition of petitioner's application for a stay of arbitration. As such, the order does not affect a substantial right (CPLR 5701, subd [a], par 2, cl [v]), and is, therefore, not appealable as of right (see *Matter of Royal Globe Ins. Co. v Nanas,* 90 AD2d 518). An appeal will lie from the judgment entered subsequent to the hearing. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.