OPINION OF THE COURT
Sol Dunkin, J.
In this action for a declaratory judgment, plaintiff moves pursuant to CPLR 3212 for summary judgment and for an assessment of counsel fees pursuant to section 675 of the Insurance Law.
The plaintiff in his complaint seeks k declaration that the policy of automobile insurance issued to him by defendant was in full force and effect on December 15, 1982 and that plaintiff is therefore eligible to receive payment of first-party no-fault benefits for losses incurred as a result of an automobile accident on December 15, 1982.
The undisputed facts are as follows: Plaintiff had in effect an automobile insurance policy issued by the defendant. On or about November 12,1982, defendant mailed to plaintiff a notice of cancellation which was to become effective on December 2, 1982 at 12:01 a.m. The cancella *320 tion notice stated that if payment were made on or before December 2, 1982 the policy would be continued in force with no lapse of coverage. Defendant also supplied plaintiff with a preaddressed mailing envelope to be used for the purpose of sending the premium to defendant.
Although plaintiff avers that he mailed the premium payment on November 29,1982 and defendant argues that the check was not mailed until after December 2, 1982, there is no dispute as to the fact that on December 13,1982 the premium check was accepted and deposited in defendant’s account. Two days later, on December 15, 1982, plaintiff sustained injuries in an automobile accident. On March 25,1983, plaintiff, by his attorney, mailed to defendant an application for no-fault benefits and on April 4, 1983 plaintiff’s attorney was sent a denial of claim form. The claim was denied by defendant on the ground that plaintiff’s policy was canceled on December 2, 1982, prior to the date of the accident.
In support of his motion, plaintiff contends that even assuming that he did, in fact, mail the premium payment subsequent to the effective date of cancellation, the acceptance of the premium check and the depositing of that check into its account now estops defendant from denying coverage upon the basis of a claim of nonpayment of premium; and that defendant’s notice of termination of coverage is void in any event since a portion of the language contained in the cancellation notice sent to plaintiff was not in 12-point type face as required by section 313 (subd 1, par [a]) of the Vehicle and Traffic Law and inasmuch as certain language required by section 313 of the Vehicle and Traffic Law to be contained in the cancellation notice was not contained in the cancellation notice sent to plaintiff but was on the reverse side thereof.
The plaintiff’s argument relating to the validity of the cancellation notice involves the interpretation of a portion of section 313 (subd 1, par [a]) of the Vehicle and Traffic Law. That section provides in part as follows: “Every notice or acknowledgement of termination for any cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained *321 continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid such punitive effects.”
It is the contention of the plaintiff that the notice of cancellation which he received is void since that portion of the notice indicating the actions which may be taken by the insured to avoid the punitive effects of failing to maintain continuous proof of financial security is only printed in seven-point type face. Defendant, on the other hand, although conceding that seven-point type face was used, argues that 12-point type face is specifically not required for this statement as provided for in the Regulations of the Commissioner of Motor Vehicles (15 NYCRR 34.6 [b]) and that 12-point type face is only necessary for the statement that proof of financial security is required to be maintained continuously and for the legend on the face of the notice directing the reader to the information on the reverse side.
The court finds that the wording of the statute clearly evidences the legislative intent that all three of the statements required to be in the notice be in 12-point type face. Although the Commissioner of Motor Vehicles has, in fact, authorized insurers to print in less than 12-point type face, that portion of the notice indicating the action which may be taken by the insured to avoid the punitive effects of failing to maintain continuous proof of financial security (15 NYCRR 34.6 [b]) inasmuch as this regulation “runs counter to the clear wording of a statutory provision, it should not be accorded any weight.” (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459.) Since in order to validly terminate an insurance policy there must be strict compliance with the 12-point type statutory requirement of section 313 of the Vehicle and Traffic Law (see Matter of Liberty Mut. Ins. Co. [Stollerman], 50 NY2d 895; Cohn v Royal Globe Ins. Co., 67 AD2d 993) and in this instance a portion of the termination letter clearly mandated by the statute to be in 12-point type face was concededly only in seven-point type face, the court finds that the notice of termination was defective and therefore invalid. Whereas *322 this finding is dispositive of the case, the other issues raised by plaintiff need not be determined.
Accordingly, plaintiff’s motion for summary judgment is granted. The court finds and declares that the policy of insurance issued by defendant to plaintiff was invalidly terminated and was therefore in full force and effect on December 15, 1982 and that plaintiff is entitled to receive no-fault benefits under the policy of insurance. In addition, the court finds and declares that plaintiff’s attorney is entitled to recover from defendant a fee for the services performed in connection with securing payment of plaintiff’s no-fault benefits, subject to the limitations contained in the regulations promulgated by the Superintendent of Insurance. (See Insurance Law, § 675, subd 1; 11 NYCRR 65.16 [c] [8].) Upon settlement of the order, the plaintiff’s attorney is directed to submit an affidavit of services so as to enable the court to assess counsel fees in accordance with 11 NYCRR 65.16 (c) (8).