■ In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v PATRICIA SHEPARD, as Executrix of PETER SHEPARD, Deceased, Respondent, and DREW HEYD et al., Proposed Additional Parties Respondents-Respondents. AETNA INSURANCE COMPANY, Proposed Additional Party Respondent-Appellant. (And Another Proceeding.)—In consolidated proceedings pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Aetna Insurance Company appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 5, 1985, which, after a hearing, determined, *inter alia,* that the notice of cancellation served by it was invalid and, in effect, granted the petitioner's application to stay arbitration.

Ordered that the order is affirmed, with one bill of costs.

On April 21, 1983, Peter Shepard, a passenger in a car owned and driven by Drew Heyd, was killed in a one-vehicle accident. Shepard's estate sought uninsured motorist benefits from the Travelers Indemnity Company and the Government Employees' Insurance Company (GEICO) pursuant to policies issued to the deceased's father and brother. Both insurance companies claim that arbitration is inappropriate since the Heyd vehicle was insured by Aetna at the time of the accident. Aetna claims to have canceled any policy it may have issued to Heyd for nonpayment of premium prior to the accident. A hearing was ordered to determine whether such purported cancellation was proper and valid. The only issue raised was whether or not a certain portion of Aetna's Notice of Cancellation need comply with the requirements of Vehicle and Traffic Law § 313 (1) (a), to wit, that it be in typeface of at least 12 points.

The language in dispute, which was conceded to be in typeface of less than 12 points, was as follows: "IF YOU HAVE A LAPSE IN INSURANCE COVERAGE OF UNDER NINETY DAYS THE LAW PERMITS YOU TO AVOID A SUSPENSION OF YOUR REGISTRATION BY THE PAYMENT OF A CIVIL PENALTY OF ONE HUNDRED DOLLARS FOR EACH THIRTY DAYS OR PORTION THEREOF YOUR INSURANCE COVERAGE WAS NOT IN EFFECT. THIS GRACE PROVISION APPLIES ONLY ONCE DURING ANY 36 MONTH PERIOD. THUS, IF YOU HAVE HAD A LAPSE IN INSURANCE COVERAGE IT IS IMPORTANT THAT YOU CONTACT THE DEPARTMENT OF MOTOR VEHICLES IMMEDIATELY."

As the insured is being notified of the punitive effect of suspension and how to avoid such effect, we find that such portion of the notice of cancellation falls within the ambit of

Vehicle and Traffic Law § 313. We further hold that such section requires typeface of at least 12 points not only in the financial security statement but also in the "notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security" (Vehicle and Traffic Law § 313 [1] [a]). Since it is well settled that an effective cancellation of an insurance policy necessitates strict compliance with the typeface requirement (see, *Matter of Liberty Mut. Ins. Co. [Stollerman]*, 70 AD2d 643, *affd* 50 NY2d 895; *Cohn v Royal Globe Ins. Co.*, 67 AD2d 993, *affd* 49 NY2d 942; *Matter of Lion Ins. Co. v Reilly*, 61 AD2d 1047), the purported cancellation herein was ineffective and arbitration was thus properly stayed. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.