In the Matter of MERCURY INSURANCE GROUP, Appellant, v MARIA ORTIZ et al., Respondents. [855 NYS2d 577]—

Mercury Insurance Group (hereinafter Mercury) commenced this proceeding to permanently stay arbitration of a claim for uninsured motorist benefits brought by its insured Maria Ortiz. Mercury alleged that on the date of the alleged incident, October 10, 2003, the vehicle owned and operated by the alleged tortfeasor Stephen M. Sontag was insured by State Farm Insurance (hereinafter State Farm). After a framed-issue hearing on whether State Farm had properly canceled that policy prior to October 10, 2003, the court denied the petition, and, in effect, dismissed the proceeding.

Strict compliance with Vehicle and Traffic Law § 313 is required for a notice of termination to be deemed effective as to third parties (see Vehicle and Traffic Law § 313 [1], [2]; *Matter of Progressive N. Ins. Co. v White*, 23 AD3d 477, 478 [2005]; *Matter of Travelers Indemn. Co. v Shepard*, 125 AD2d 681, 681-682 [1986]). Contrary to Mercury's contention, the evidence adduced at the framed-issue hearing demonstrated that State Farm's termination of Sontag's policy, effective on August 22, 2003, complied with Vehicle and Traffic Law § 313 (1) and (2). Accordingly, because State Farm's policy for the Sontag vehicle was no longer in effect on the date of the alleged incident, the Supreme Court properly denied Mercury's petition to permanently stay arbitration and directed the parties to proceed to arbitration. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.