■ PREMIER CAR RENTAL, INC., Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant, and KEVIN GALUSZKA, Appellant. [637 NYS2d 177] —In an action to recover damages for property damage to a rented automobile, the defendant Kevin Galuszka appeals from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated January 27, 1994, as denied his cross motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Kevin Galuszka was involved in an accident while driving an automobile which he had rented from the plaintiff, Premier Car Rental, Inc. The plaintiff commenced this action against Galuszka and Galuszka's insurer, the code-

fendant Government Employees Insurance Company (hereinafter GEICO), alleging that the vehicle was so severely damaged that it was a total loss. GEICO moved for summary judgment dismissing the complaint insofar as it is asserted against it. Galuszka cross-moved for summary judgment dismissing the complaint insofar as it is asserted against him, *inter alia,* on the ground that the rental agreement did not comply with the provisions of General Business Law § 396-z.

In general terms, General Business Law § 396-z (former [3]) (now General Business Law § 396-z [2]) allows a rental car company to hold a renter liable for the "actual damage to, or loss of", a vehicle under certain circumstances, including, as alleged herein, accidents involving drunk driving by the renter. However, General Business Law § 396-z (former [9]) (now General Business Law § 396-z [8]) provides that all rental car agreements must prominently disclose "in at least ten point bold face display, the nature and extent of such liability and such driver's rights and responsibilities under this section".

Contrary to Galuszka's assertions, we find that paragraph 6 of the rental agreement adequately advised him of the nature and extent of his liability. Moreover, while General Business Law § 396-z (former [9]) required the warning regarding a driver's liability under this section to be printed in 10-point type face *(see, e.g., Cohn v Royal Globe Ins. Co.,* 67 AD2d 993, *affd* 49 NY2d 942 [concerning similar requirements contained in Vehicle and Traffic Law § 313]), the Supreme Court correctly determined that there existed a triable issue of fact as to whether paragraph 6 of the rental agreement had been printed in the correct size. None of the parties submitted an original of the agreement to the court, and the plaintiff's expert typesetter did not state that he had measured the print on the original rental agreement *(see, e.g., Duhs v Royal Globe Ins. Co.,* 63 AD2d 992).

Furthermore, we do not agree with Galuszka's assertion that his maximum liability for the damage to the vehicle is only $100 *(see,* General Business Law § 396-z [former (4)] [now General Business Law § 396-z (3)]). Former subdivision (4) of General Business Law § 396-z provides, in part, that: *"notwithstanding subdivision three* [now subdivision (2)] * * * a rental vehicle company may hold an authorized driver liable for actual damage to, or loss of, a rental vehicle caused by such authorized driver, up to a maximum of one hundred dollars" (emphasis added).

The term "notwithstanding" is defined in Webster's Third New International Dictionary 1545 (3d ed 1961) as meaning

"without prevention or obstruction from or by; in spite of" *(see also, King v Sununu,* 126 NH 302, 490 A2d 796, 800; *Dinkler v Jenkins,* 118 Ga App 239, 163 SE2d 443, 454, *revd on other grounds sub. nom. Hawes v Dinkler* 224 Ga 785, 164 SE2d 799). Thus, the only reasonable interpretation to be given to General Business Law § 396-z (former [4]) is that in spite of the limitations contained in General Business Law § 396-z (former [3]), a rental vehicle company may still hold a driver liable for damages of up to $100. In other words, the $100 cap applies only to situations which do not fall within the scope of General Business Law § 396-z (former [3]) (now General Business Law § 396-z [2]).

Since Galuszka was charged with driving while intoxicated *(see,* Vehicle & Traffic Law § 1192 [2], [3]) which is a situation covered by General Business Law § 396-z (former [3] [b]) (now General Business Law § 396-z [2] [b]), the $100 cap of General Business Law § 396-z (former [4]) does not apply. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.