*546 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion granted and complaint dismissed as to defendant Giordano.
This action sought recovery for damages to plaintiffs vehicle from the renter Giordano and the driver Piazza upon a claim that the renter permitted an unauthorized driver to operate the vehicle. Giordano moved for summary judgment asserting that General Business Law § 396-z precluded recovery.
The statute in question provides in pertinent part that an authorized driver of a motor vehicle for a term less than 30 days is not liable for actual damage to or loss of such rental vehicle except when caused by such authorized driver’s willful and wanton conduct (General Business Law § 396-z [2] [a]). There is no dispute that Giordano was an authorized driver and Piazza was not included within the rental agreement.
The issue presented is whether the actions of defendant Giordano in not listing Piazza as an authorized driver was willful or wanton misconduct as would impose liability upon Giordano. Simply, unless the failure to list Piazza is willful or wanton misconduct, there is no claim against Giordano. While the rental agreement provides that the renter is liable if the agreement is violated or if the damage is caused by an “unauthorized driver”, neither of those conditions is allowed under the statute. Under subdivision (10) of section 396-z, they are void as against public policy.
Plaintiffs claim of willful and wanton misconduct seeking to impose liability herein is similar to one used to support a claim for punitive damages. However, in those situations the breach of contract involves a fraud evincing a high degree of moral turpitude and egregious conduct (Rocanova v Equitable Life Assur. Socy., 83 NY2d 603). Simply, the term “willful acts” does not encompass intentional nonperformance of an agreement but refers to conduct similar in nature to intentional misrepresentation and gross negligence (Metropolitan Life Ins. Co. v Noble Lowndes Intl., 84 NY2d 430, 435).
There is no claim in plaintiffs papers that any extra premium would have been charged had Piazza been listed as an additional driver. The mere fact that defendant breached the contract by not listing Piazza as an additional driver did not, in and of itself, amount to wanton and willful misconduct. *547 Giordano’s motion for summary judgment should therefore have been granted.
Kassoff, P. J., Aronin and Chetta, JJ., concur.