*1022 OPINION OF THE COURT
Harold J. Hughes, J.
Defendant Robert Crowley rented a 1993 Dodge van from plaintiff Thrifty Car Rental (Thrifty), which vehicle was damaged while being driven by third-party defendant Justin Mac-key. Thrifty instituted a breach of contract action against Crowley seeking compensation of $18,171.30 for property damage to the van. Crowley instituted a third-party action against Mac-key, and issue has been joined in both actions. Crowley has moved for partial summary judgment and Thrifty has cross-moved for summary judgment, both in the main action.
The issue presented on these motions is whether Thrifty’s recovery against Crowley for property damage to the van is limited to $100 under section 396-z of the General Business Law. That section limits to $100 a vehicle rental company’s recovery for property damage to a rented vehicle against an “authorized driver” except in certain circumstances. Crowley contends that section 396-z is Thrifty’s exclusive remedy and operates as a complete defense, limiting an authorized driver’s liability to $100 for damage to a rental car, while Thrifty argues that section 396-z is inapplicable where the property damage occurred during an unauthorized driver’s use of the rented vehicle. These motions have no bearing on the rights or obligations of Mackey, who is not a party to these motions.
It is uncontroverted that Crowley rented the vehicle from Thrifty on November 8, 1994; that the accident occurred while defendant Mackey was driving the vehicle; that Mackey had not signed the rental agreement as an “authorized renter” and was not Crowley’s spouse. Thus, Mackey did not qualify as an “authorized driver” under section 396-z (1) (a), which is defined as the person who rents the vehicle, his spouse, one who operates the vehicle in an emergency situation to a medical facility and a person listed on the rental agreement as an authorized driver. Crowley was an authorized driver, but the accident occurred while Mackey — an unauthorized driver — was at the wheel.
General Business Law § 396-z (2) precludes a car rental company from holding an authorized driver liable for actual damage or loss to a rental car except in five instances, as where the damage or loss (a) is caused by an authorized driver’s intentional or by willful/wanton misconduct; (b) is caused by the authorized driver’s operation of the motor vehicle while impaired by alcohol or drugs; (c) is caused by the authorized *1023 driver’s participation in an organized speed race; (d) is caused by the use of the vehicle when carrying people or property for hire; (e) is caused while the authorized driver is committing a felony or criminal act; or (f) the authorized driver fails to furnish an accident report. Subdivision (3) of section 396-z permits a rental car company to hold an authorized driver liable for property damage or loss “caused by such authorized driver”, up to $100. If one of the exceptions in section 396-z (2) (a) through (f) applies, the $100 cap is inapplicable (Premier Car Rental v Government Empls. Ins. Co., 223 AD2d 629).
Crowley contends that since none of the exceptions apply, the $100 limitation of liability as against an “authorized driver” for property damage applies. Thrifty concurs that none of the exceptions apply to these facts, but submits that section 396-z is inapplicable because it only applies where the operator of the rented vehicle is the “authorized driver” (i.e., Crowley), and does not protect one who rents a vehicle and permits an unauthorized driver (i.e., Mackey) to operate the vehicle.
It is clear that subdivisions (2) and (3) of section 396-z limit recovery for property damage against an “authorized driver” in certain scenarios, and have no bearing on recovery against an unauthorized driver. The question is whether the statute has any application to recovery against an authorized driver for damage caused by an unauthorized driver where none of the exceptions are invoked.* The statute makes no mention whatsoever of unauthorized drivers, strongly supporting the conclusion that such a common scenario is not covered by this statute, which is in derogation of common law and should be construed to abrogate the common law only to the extent that the clear language of the statute requires (accord, All City Car Rental v Hart, Sup Ct, Albany County, May 31, 1995, Kahn, J., index No. 5205-94; see, Morris v Snappy Car Rental, 189 AD2d 115, affd 84 NY2d 21). This interpretation is bolstered by the fact that the statutory scheme, while extensive, covers only some of the specific abuses in the industry and situations encountered and is not comprehensive or all-encompassing (Hertz Corp. v City of New York, 80 NY2d 565).
The interpretation advanced by Crowley would have the unintended result that where an authorized driver rents a vehicle and permits its operation by an unauthorized driver who causes damage to the vehicle, the authorized driver’s liability *1024 would be limited to $100. The court is not required to interpret a statute to reach an absurd result or in contravention of the clear legislative intent (Matter of Citizens For An Orderly Energy Policy v Cuomo, 78 NY2d 398, 412, 425). While section 396-z clearly shifts the risk of damages to the car rental companies except in narrow circumstances involving culpable conduct by the authorized driver or an emergency, the risk contemplated is that attributable to or “caused by the “authorized driver” (see, General Business Law § 396-z [3]) and not the risk of any person to whom the renter/authorized driver entrusts the vehicle whether licensed or authorized (All City Car Rental v Hart, supra).
The $100 cap in liability and the exceptions to the cap all contemplate that the operator of the vehicle is an “authorized driver”. Since Mackey was undeniably not an authorized driver and caused the property damage, Crowley is not protected by the recovery cap embodied in section 396-z. Thus, Crowley’s motion for summary judgment is denied.
Further, Thrifty has demonstrated that Crowley breached the terms of the rental agreement by permitting an unauthorized driver under age 21 to drive the vehicle. Crowley does not dispute this, or submit any evidence to raise a triable issue of material fact on the issue of his breach of contract, his liability thereunder for property damage to the car, or the amount of damages. Accordingly, Thrifty’s cross motion for summary judgment on liability and damages as against defendant Crowley is granted in the amount of $18,171.30, with interest thereon at the legal rate from November 9, 1994, with $100 costs on the motion.

 Crowley does not argue that an emergency situation existed so as to render Mackey an “authorized driver” within section 396-z (1) (a) (iii).