■ MASTER CARS, INC., Doing Business as AMERICAR RENTAL SYSTEM, Appellant, v GARY A. WALTERS, Respondent, et al., Defendant. [700 NYS2d 630] —Order affirmed without costs. Memorandum: Supreme Court properly granted the motion of Gary A. Walters (defendant) for summary judgment dismissing the complaint against him. Defendant rented a vehicle from plaintiff and was the only person listed on the rental agreement who was authorized to operate the vehicle. After defendant's roommate was involved in an accident while operating the vehicle, plaintiff commenced this action seeking full compensation for the loss pursuant to the terms of the rental agreement. That agreement expressly limits defendant's liability to $100 in damages except in instances of "willful and wanton misconduct, which among other things, may include reckless conduct such as * * * [5] Permit[ting] the use of the car by anyone other than an authorized driver" (¶ 4 [a]).

Vehicle rental agreements must comply with General Business Law § 396-z, which provides that "[a]ny rental agreement or other contract inconsistent with the provisions of this section shall be deemed void as against public policy" (General Business Law § 396-z [10]). The $100 ceiling on damages set forth in the agreement herein is mandated by subdivision (3) of General Business Law § 396-z (*see, Premier Car Rental v Government Empls. Ins. Co.*, 223 AD2d 629, 630-631). While there is a statutory exception for "willful and wanton misconduct" (General Business Law § 396-z [2] [a]), that exception refers to an aggravated form of negligence associated with reckless conduct (*see, Master Cars v Young*, 256 AD2d 1188,

1189) and thus requires proof that " 'the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow' " (*Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 192 AD2d 83, 90 [quoting Prosser, Torts § 34, at 185 (4th ed)], *affd* 84 NY2d 430, *rearg denied* 84 NY2d 1008; *see*, Penal Law § 15.05 [3]; PJI 2:171 [2d ed]; 103 NY Jur 2d, Torts, § 11, at 400). The statute does not provide that willful and wanton misconduct "may include" permitting an unauthorized driver to operate a rental vehicle. Such conduct, in and of itself, does not entail an unreasonable risk of collision.

Plaintiff does not dispute that the policy provision is the sole basis for concluding that the alleged conduct of defendant in permitting his roommate to operate the vehicle constitutes willful and wanton misconduct. Absent evidence that defendant's conduct was willful and wanton within the meaning of General Business Law § 396-z (2) (a), plaintiff has no basis to proceed against defendant for damages in excess of the $100 ceiling.

The dissent fails to recognize that the rights and obligations of the parties are defined by their agreement (*see, Vought v Teachers Coll., Columbia Univ.*, 127 AD2d 654, 655). That agreement expressly limits defendant's liability to $100 in damages subject to certain exceptions. One of those exceptions is in instances of "willful and wanton misconduct" (¶ 4 [a]). That particular exception is the subject of General Business Law § 396-z (*see*, General Business Law § 396-z [2] [a]) and must be construed in a manner consistent with the provisions of that section (*see*, General Business Law § 396-z [10]).

The dissent further suggests that summary judgment dismissing the complaint was inappropriate because an issue of fact remains concerning the applicability of a stolen car exception set forth in the agreement (¶ 4 [a] [3]). Plaintiff has not raised that contention on appeal, however, and thus it is deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

All concur except Pigott, Jr., and Hurlbutt, JJ., who dissent in part and vote to modify in the following Memorandum.

Pigott, Jr., and Hurlbutt, JJ. (dissenting in part). We respectfully dissent in part. We cannot agree with the majority's conclusion that Supreme Court properly granted the motion of Gary A. Walters (defendant) for summary judgment dismissing the complaint against him. In our view, the majority has failed to distinguish between a "renter" and an "authorized driver".

While the term "authorized driver" includes the renter, if a licensed driver (see, General Business Law § 396-z [1]), the terms are not synonymous.

We agree with the majority that permitting the unauthorized use of the leased vehicle does not, without more, amount to "willful and wanton misconduct" within the meaning of General Business Law § 396-z (2) (a). The issue, however, is not whether the lease agreement may 'so define that term, but whether it may prohibit use of the leased vehicle by unauthorized drivers and hold the renter liable for any damages resulting from such unauthorized use. "The Legislature is deemed to have abrogated common law only to the extent that the clear import of the language of such statutes requires" (*Morris v Snappy Car Rental*, 189 AD2d 115, 121, *affd* 84 NY2d 21).

Under the circumstances of this case, defendant is not entitled to the protection of General Business Law § 396-z (2). That protection extends only to a renter who is an authorized driver and either is operating the vehicle at the time that the damage occurs or has entrusted the vehicle to another authorized driver. Here, the damage to the vehicle was caused during an unauthorized driver's use of the rented vehicle (see, *Thrifty Car Rental v Crowley*, 177 Misc 2d 1021, 1022). The statute was not intended to protect someone who rents a vehicle and then, in breach of the agreement, permits an unauthorized driver to operate the vehicle (see, *Thrifty Car Rental v Crowley, supra*, at 1023-1024). Under the statutory construction adopted by the majority, a licensed driver may rent a vehicle and, by virtue of his or her status as an "authorized driver", may then entrust the rented vehicle to any third party and be absolved of all but $100 liability. Although the Legislature enacted General Business Law § 396-z (2) in order to shift the risk of loss from the renter to the rental company, we conclude that the risk contemplated is the use of the vehicle by authorized drivers, not by any person to whom the renter decides to entrust the vehicle.

Even if section 396-z (2) is construed to include defendant as an authorized driver, plaintiff is not entitled to summary judgment. The rental agreement provides that the renter will not be liable if the rented vehicle is stolen, unless the renter has left the vehicle "unattended without all of the windows and doors closed and locked and the ignition key removed", or if the renter has relinquished the key to a third party or is unable to produce the key to the vehicle (¶ 10). There is a triable issue of fact whether defendant engaged in any of those enumerated behaviors. (Appeal from Order of Supreme Court, Onondaga

County, Stone, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Hurlbutt and Balio, JJ.