OPINION OF THE COURT
Michael S. Alonge, J.
This action is brought under General Business Law § 396-z and raises a unique question: Does taking a rented automobile out of State in violation of a standard rental agreement constitute “wanton and willful conduct” sufficient to make the *68 customer liable if the vehicle is stolen and incurs property damage? There are no cases on point.
The circumstances giving rise to this litigation arose when the defendant Kara Hughes rented a Dodge Neon from Enterprise Rent-A-Car in Baldwin, New York, on October 14, 1996. She drove the car to her father’s home in Connecticut where it was stolen from in front of the house.
Two days later, the vehicle was recovered on Route 691 in Meriden, Connecticut, after being involved in an auto accident. The police report indicates that the vehicle’s operator was not located at the scene and the car had extensive damage including a smashed right front window. The car was later declared to be a total loss.
The defendant does not deny taking the car out of State but points out that when she previously rented a vehicle from Enterprise, the contract did not contain any such prohibition and, indeed, permitted her to drive in New York, New Jersey and Connecticut.
The plaintiff relies on General Business Law § 396-z, which governs the relationship between rental companies and renters concerning damage to a rental vehicle during the course of a rental agreement. Section 396-z (2) states: “No rental vehicle company renting private passenger motor vehicles shall, in rental agreements of not exceeding thirty continuous days, hold an authorized driver liable for actual damage to, or loss of, such rental vehicle (including loss of use), except where: (a) the damage or loss is caused intentionally by an authorized driver or is caused by such authorized driver’s willful and wanton misconduct; (b) the damage or loss arises out of an authorized driver’s operation of the motor vehicle while intoxicated by alcohol or impaired by the use of drugs within the meaning of section eleven ninety-two of the vehicle and traffic law; (c) the damage or loss arises out of an authorized driver’s participation in any organized speed racing competition; (d) the damage or loss arises out of the use of the vehicle when carrying persons or property for hire; (e) the damage or loss arises out of the use of the vehicle while an authorized driver is committing a felony or otherwise engaged in a criminal act in which the damage or loss of such vehicle is caused by such criminal activity; or (f) the authorized driver fails to furnish the rental vehicle company a report of an accident and the rental vehicle company complies with the following procedure.”
This section is crucial to plaintiff’s case since General Business Law § 396-z (3) declares that unless the authorized driver *69 falls into one of the above categories, the rental company can only hold the driver liable for up to $100.
Ms. Hughes, however, argues that while ostensibly seeking damages for breach of contract, Enterprise is, in actuality, attempting to recover $12,124.41, the cost of the damaged vehicle.
It is clear that the defendant was merely driving to her father’s home. The damage to the car was not caused by the authorized driver’s intoxication, participation in organized speed racing, or carrying a person or property for hire. Certainly, Ms. Hughes was not in the process of committing a felony.
Enterprise contends that the taking of the vehicle out of State was a breach of the contract, and therefore, fits into the definition of “willful and wanton misconduct.”
What makes the plaintiffs case weak is the fact that the first rental agreement dated October 1, 1996 for a similar car at the same rate of $27.99 per day did not contain such a provision. Defendant also cites subdivisions (8) and (9) of General Business Law § 396-z, which require the rental company to disclose in at least 10-point bold face print, the nature and extent of such liability and the driver’s rights and responsibilities. Failure to comply results in the contract being void as against public policy.
In fact, defendant argues that the rental agreement in question failed to contain any reference to the General Business Law and its pertinent sections. Enterprise claims that a general reference to New York State law is adequate.
Finally, defendant argues that Enterprise failed to comply with General Business Law § 396-z (3) (a) by failing to base its claim for damages upon a physical survey within 10 days after the vehicle was returned to it. For these reasons, the defendant argues that Enterprise’s complaint must be dismissed. In response, Enterprise claims that it complied with General Business Law § 396-z (3) (a) because “shortly after the recovery of the vehicle and after a physical survey was done, a claim for damages was made via telephone by Enterprise to Allstate Insurance Company.”
There are only two reported cases under General Business Law § 396-z. The first concerns a situation where a renter allowed an unauthorized driver to operate the vehicle which was involved in an accident. The court held that because the rental company did not claim that an extra premium would have been *70 charged for an additional driver, the mere fact that the renter breached the contract by not listing the additional driver did not, by itself, amount to wanton and willful misconduct under section 396-z (2) (a). (Elrac, Inc. v Giordano, 177 Misc 2d 545 [App Term, 2d Dept 1998].)
A different result occurred, however, when an unauthorized driver was under 21. The court in Thrifty Car Rental v Crowley (177 Misc 2d 1021) said the contract was breached and held the renter liable for damages caused to a rental van.
In this case, the court is not persuaded by Enterprise’s claim that issues of fact exist regarding defendant’s alleged “willful and wanton” conduct. The defendant submits two rental agreements dated October 1, 1996 and October 14, 1996. The rental cost per day for the vehicle rented by defendant on October 1, 1996 was $27.99 and permitted the defendant to leave the State of New York with the vehicle. The rental cost per day for the vehicle rented by defendant on October 14, 1996 was also $27.99 but defendant was not granted permission to leave the State with the vehicle. Enterprise has failed to submit any evidence of an additional surcharge that may have been assessed to the defendant in exchange for permission to leave the State of New York with the vehicle. As a result, the court cannot find that defendant was attempting to avoid paying an additional premium.
Furthermore, Enterprise has failed to comply with General Business Law § 396-z (3). An affidavit is insufficient to establish that the 10-day notice requirement set forth in the General Business Law was satisfied. Finally, Enterprise does not dispute the fact that it accepted payment in the amount of $100 from the defendant in satisfaction of the defendant’s responsibilities under the rental agreement.
In conclusion, defendant’s motion for summary judgment is granted. Accordingly, Enterprise’s cross motion is denied and its complaint is dismissed.